**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WILLIAM DEWAYNE GRANT,**

                **Petitioner,**

     v.                                              **CASE NO. 08-3211-RDR**

**C. CHESTER,**

                **Respondent.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Before the court is respondent's motion to dismiss the petition, and petitioner's response.[1]

Petitioner alleges error in the Bureau of Prisons' (BOP's) execution of his federal sentence, claiming in part he was denied jail credit for time spent on a writ for his federal prosecution. Respondent contends this court's review of petitioner's claims is precluded because petitioner previously litigated the same and/or similar claims in federal court where petitioner's claims regarding the execution of his federal sentence were considered and denied on

---

[1]Petitioner filed a "traverse" in response to respondent's motion to dismiss. Petitioner's motion to amend that response is granted.

the merits.[2]  The court agrees.

Petitioner maintains the instant action concerns only the correct commencement date of his federal sentence for the purpose of proper credit for any pre-custody confinement while in exclusive federal custody.  However, petitioner's attempt to refashion the specific basis for seeking relief under 28 U.S.C. § 2241 as distinct and separate from those raised and considered on the merits in his previous habeas cases is unavailing.

The Western District of Wisconsin clearly considered petitioner's claim of entitlement to additional credit on petitioner's federal sentence.  Petitioner's attempt to characterize that previous habeas action as involving only claims regarding concurrent service of his federal and state sentences is not supported by the record, and petitioner presents no significant facts or circumstances, or any further exhaustion of administrative remedies, on any new claim.

Under 28 U.S.C. § 2244(a), a court may deny a habeas corpus claim that is successive or abusive.  George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995)(discussing 28 U.S.C. § 2244(a)).  A successive habeas petition raises identical claim rejected on the merits in a prior habeas proceeding, and an abusive petition presents new claims that were available but not raised in the prior proceeding.  See Schlup v. Delo, 513 U.S. 298, 319 n. 34 (1995).  Absent a showing of cause and prejudice or a fundamental miscarriage

---

[2]See Grant v. U.S. Bureau of Prisons, Case No. 04-3186-RDR (D.Kan.) and Grant v. Martinez, Case No. 07-C-105-JCS (W.D.Wis.).

of justice, a court may not address the merits of successive or abusive habeas claims. Id. at 318-23; George, 62 F.3d at 335.

In the present case, petitioner states his petition is based on evidence discovered after his first § 2241 application was filed. He contends newly discovered evidence of a United States Marshal Service record establishes that following his sentencing in the Western District of Michigan in November 1997, his transfer from a federal facility to the State of Michigan for prosecution on a pending state criminal charge was erroneous. On the basis of this alleged error, he claims he remained in exclusive and primary federal custody, and thus is entitled to credit on his federal sentence which he continues to maintain commenced in November 1997.[3]

However, the Western District of Wisconsin previously determined that petitioner's federal sentence commenced in April 2003, and that petitioner received proper credit for any detention not credited to petitioner's service of state sentences. Petitioner's attempt to now challenge the legality of that prior judicial determination on alternative legal grounds is foreclosed by 28 U.S.C. § 2244(a) because petitioner makes no showing of cause and prejudice or a fundamental miscarriage of justice that would warrant judicial review of this claim.[4]

---

[3] Petitioner also states he is entitled to credit on his federal sentence for time served that he claims was never credited to his state sentence, but there is no apparent support in the record for this claim of uncredited service.

[4] See Ackerman v. Novak, 483 F.3d 647, 649-50 (10th Cir. 2007)(noting but not deciding whether § 2244(a), after passage of the Antiterrorism and Effective Death Penalty Act "incorporates the appellate pre-authorization gatekeeping requirements of § 2255 para.

Likewise, petitioner's attempt to raise a new claim for review is barred.  "The requirement of cause in the abuse of the writ context is based on the principle that [a] petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."  McCleskey v. Zant, 499 U.S. 467, 498 (1991).

Here, respondent details petitioner's prior writ history, and to the extent plaintiff advances a new legal challenge, alleges petitioner's abuse of the writ.  Id. at 494 (stating respondent's burden).  Petitioner now bears the burden of demonstrating both a legitimate reason for failing to raise this issue in his earlier § 2241 petition and actual harm from the new claim being alleged, or in the alternative, demonstrating the court's failure to entertain the claim would result in "a fundamental miscarriage of justice." Id. at 494-95.

Petitioner's bare reference to his discovery of an April 2003 custody and detention report by the United States Marshal Service, and reliance on Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002),

---

8, which sets forth the grounds upon which a circuit court may authorize a second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedures in § 2244(b)(3)"). Nonetheless, the court finds transfer of this matter to the circuit court would not be in the interests of justice. *See* In re. Cline, 531 F.3d 1249, 1252-53 (10th Cir. 2008)("When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").

is insufficient to satisfy this demanding standard.[5]

IT IS THEREFORE ORDERED that petitioner's motion to amend his traverse (Doc. 9) is granted.

IT IS FURTHER ORDERED that respondent's motion to dismiss the petition (Doc. 7) pursuant to 28 U.S.C. § 2244(a) is granted.

DATED:  This 24th day of September 2009, at Topeka, Kansas.


           s/ Richard D. Rogers
           RICHARD D. ROGERS
           United States District Judge

---

[5] The court questions, but need not decide, whether Weekes would even support the outcome petitioner seeks.
In Weekes, the Tenth Circuit found a prisoner's federal sentence commenced when he was designated to be transferred to serve his federal sentence, and continued to run when he was transferred back two months later to serve a state sentence. Weekes, 301 F.3d 1180-81, *cert. denied*, 537 U.S. 1136 (2003). In Binford v. United States, 436 F.3d 1252 (10th Cir. 2006), the Tenth Circuit distinguished Weekes and found the prisoner remained only in temporary federal custody notwithstanding his mistaken transport to a federal correctional facility after sentencing. *See also* Stroble v. Terrell, 200 Fed.Appx. 811 (10th Cir. 2006)(unpublished)(comparing Weekes and Binford, finding prisoner's federal sentence did not begin when he was initially and mistakenly placed in federal custody for a brief time before being transported to state authorities).